IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BETTY CECIL                                              PLAINTIFF

1800 West Jefferson Street

Louisville, Kentucky 40203


                                        Case No. _3-16-CV-454-DJH_

v.

                                        Judge_____

BANK OF AMERICA, N.A.                                    DEFENDANTS

100 North Tryon Street

Charlotte, North Carolina 28255

            SERVE:      Brian Moynihan, Chairman, Board of Directors
                        100 North Tryon Street
                        Charlotte, North Carolina 28255
                        (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC

1550 Peachtree Street, N.W.

Atlanta, Georgia 30309

            SERVE:      CSC-Lawyers Incorporating Service Co.
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC

555 W. Adams Street

Chicago, Illinois 60661

SERVE:                  The Prentice Hall Corporation System
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:      CT Corporation System
                    306 W. Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Betty Cecil, by counsel, and for her Verified Complaint against the Defendants, Bank of America, N.A. ("BOA"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of BOA's failure to investigate Plaintiff's credit reporting dispute, BOA's false reporting to Equifax, Trans Union and Experian of an alleged delinquent debt, and Equifax's, Trans Union's and Experian's failure to investigate Plaintiff's credit reporting dispute and their failure to correct BOA's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports.

## II. PARTIES

2.      Plaintiff, Betty Cecil, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1800 West Jefferson Street, Louisville, Kentucky 40203.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, BOA, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 100 North Tryon Street, Charlotte, North Carolina 28255.

5.     BOA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.    Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of

business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  <u>JURISDICTION</u>

15.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV.  <u>FACTUAL BACKGROUND</u>

16.     In or around April 1998, Plaintiff's husband, James B. Cecil III, opened a revolving credit account with BOA.  Plaintiff was added as an authorized user of her husband's account in or around 2009.  Plaintiff, however, was not a joint account holder and was never financially responsible for her husband's BOA account.

17.     Plaintiff's husband passed away in March 2012.  Subsequent to his passing, BOA sought to recover the alleged account balance by filing a claim in the Jefferson District Court probate action *Re: Estate of James Blandford Cecil, III, Deceased*, Case No. 12P002940.  In October 2013, the Jefferson District Court released Plaintiff, as Petitioner, from any liability for the claims against her husband's estate, including BOA's claim.

18.     In or around June 2012, Plaintiff began receiving correspondence from BOA claiming that Plaintiff was responsible for payment of the balance of her husband's BOA account. Because Plaintiff had only been an authorized user, not a joint account holder, Plaintiff contacted

BOA by telephone on June 27, 2012 and contested BOA's claim that Plaintiff was responsible for payment of her husband's BOA account.   During the June 27, 2012 telephone call, a BOA employee named Alisha confirmed that Plaintiff was not a joint account holder and was therefore not financially responsible for payment of the BOA account balance.

19.     In or around February 2013, BOA charged off the alleged balance due on Mr. Cecil's account.

20.     In August 2014, Plaintiff applied for credit from PNC Bank.   During the process of applying for credit, Plaintiff discovered derogatory tradelines furnished by BOA on her Equifax, Experian and Trans Union credit reports.   The tradelines stated that the BOA account was charged off in February 2013 and that Plaintiff owed a past due balance on the BOA account in excess of $15,000.   PNC Bank denied Plaintiff's application for credit based on the BOA tradelines.

21.     Immediately upon her discovery of the derogatory reporting furnished by BOA, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the alleged past due amount.

22.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified BOA of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

23.     In late August 2014, Equifax, Trans Union and Experian verified the alleged past due BOA account.

24.     In 2015, Plaintiff received a Form 1099-C from BOA informing Plaintiff of the charge off and forgiveness of the alleged account balance.   Upon information and belief, BOA contemporaneously filed the Form 1099-C with the Internal Revenue Service.

25.     Frustrated, on one hand, with BOA's confirmation of Plaintiff's non-responsibility

for her husband's BOA account, and, on the other hand, with BOA's derogatory tradelines on her credit reports, BOA's charge off of the account and BOA's transfer of tax liability for the account to Plaintiff, Plaintiff paid income tax on the charged off amount for the 2015 tax year.

26.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, BOA, Equifax, Trans Union, and Experian failed to investigate Plaintiff's dispute and failed to remove the disputed items from Plaintiff's credit reports.  Upon information and belief, BOA, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove and/or amend their reporting of the disputed item within a reasonable time following Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

27.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due account.

## V.  CLAIMS

### Negligence – BOA

28.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.     BOA's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Trans Union, and Experian regarding the alleged past due account were negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, BOA breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

30.   BOA's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

31.   BOA's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

32.   Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.   Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's alleged past due BOA account, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.  In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the alleged past due account, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

34.   Equifax's negligent failure delete and/or amend its reporting of Plaintiff's alleged past due BOA account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

35.   Equifax's failure to delete and/or amend its reporting of Plaintiff's alleged past due BOA account, despite Plaintiff's lawful notices to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Trans Union**

36.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37.    Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's alleged past due BOA account, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent.  In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the alleged past due account, Trans Union breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

38.    Trans Union's negligent failure delete and/or amend its reporting of Plaintiff's alleged past due BOA account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

39.    Trans Union's failure to delete and/or amend its reporting of Plaintiff's alleged past due BOA account, despite Plaintiff's lawful notices to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Experian**

40.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.    Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's alleged past due BOA account, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.  In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the alleged past due account, Experian

breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

42.     Experian's negligent failure delete and/or amend its reporting of Plaintiff's alleged past due BOA account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

43.     Experian's failure to delete and/or amend its reporting of Plaintiff's alleged past due BOA account, despite Plaintiff's lawful notices to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – BOA

44.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.     BOA, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a past due account with BOA in the amount of $15,795.  BOA's statements were false and were made with conscious disregard for the rights of the Plaintiff.

46.     BOA's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due BOA account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – Equifax**

47.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, BOA, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with BOA in the amount of $15,795.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

49.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due BOA account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – Trans Union**

50.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, BOA, and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due account with BOA in the amount of $15,795.  Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

52.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due BOA account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

53.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, BOA and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due account balance with BOA in the amount of $15,795.   Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

55.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged BOA account balance amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – BOA

56.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     BOA's failure to investigate Plaintiff's dispute and it initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due BOA account is a violation of BOA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

58.     BOA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which BOA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

59.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 58 as if fully set forth herein.

60.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed BOA account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

62.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.     Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed BOA account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its

reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

65.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66.    Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed BOA account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67.    Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – BOA**

68.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     BOA's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due BOA account, despite BOA's knowledge of the falsity of its reporting, is a willful violation of BOA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

70.     Given BOA's knowledge of the falsity of its reporting, BOA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which BOA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

71.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the BOA account despite Equifax's knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

73.     Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

74.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

75.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the BOA account despite Trans Union's knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

77.     Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

78.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

79.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or

amend its reporting of the BOA account despite Experian's knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

81.     Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

82.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Betty Cecil, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,


*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **<u>VERIFICATION</u>**

I, Betty Cecil, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Betty Cecil


COMMONWEALTH OF KENTUCKY      )
                             )  SS
COUNTY OF JEFFERSON           )

Subscribed, sworn to and acknowledged before me by Betty Cecil this ____ day of _____, 2016.

_____
Notary Public

Commission expires:_____